UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ELIZABETH YEGHIAZARIAN, in her individual capacity and as personal representative of the ESTATE OF RAYMOND YEGHIAZARIAN, | Case No. 2:12-cv-00158-MMD-VCF |
| Plaintiff, | ORDER |
| v. | (Defs.' Motion to Dismiss or in the Alternative Motion for Summary Judgment – dkt. no. 14) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.  (Dkt. no. 14.)

I.    BACKGROUND

The facts giving rise to the underlying state court lawsuit involve a car accident between Plaintiff Elizabeth Yeghiazarian's deceased husband, Ramond Yeghiazarian, and Las Vegas Metropolitan Police Department ("LVMPD") Officer Jared Wicks.

On the evening of July 4, 2007, at 11:04 p.m., Raymond was driving westbound on Sahara Avenue, waiting to turn left onto Fort Apache Road in Las Vegas, Nevada.  At the same time, Officer Wicks was traveling eastbound on Sahara Ave., attempting to follow a speeding white van.  Officer Wicks entered the intersection at the same time Raymond turned left into the intersection.  Wicks, traveling above the 45 miles per hour

1  speed limit, hit Raymond's car. Raymond was taken to the hospital where he remained

2  in a comatose state until his death on July 26, 2007.

3       Raymond's wife and children commenced a wrongful death action against the

4  LVMPD and Officer Wicks in the district court of Clark County, Nevada.  The complaint

5  alleged negligence, survivor's action, wrongful death, negligent entrustment, and

6  negligent supervision.

7       The state court action was tried to a jury in August 2011.  The jury awarded each

8  plaintiff an amount in excess of Nevada's statutory maximum.  The state court judge

9  reduced each award to the maximum amount allowed under Nevada law.  Following the

10 jury verdict, the LVMPD defendants appealed certain evidentiary issues to the Nevada

11 Supreme Court.  The state court appeal remains pending before the Supreme Court.

12      Plaintiffs allege that during the investigation of the July 4, 2007, collision, Officer

13 Wicks, Defendant Detective William Redfairn, and other members of the LVMPD

14 conspired to conceal and illicitly concealed pertinent evidence in order to shield Officer

15 Wicks and the LVMPD from liability.  Plaintiffs allege that Elizabeth's attorney learned

16 about this behavior during the discovery phase and trial in the state court litigation, and

17 that the LVMPD Defendants' actions violated Elizabeth's constitutional right of

18 meaningful access to the courts, equal protection under the law, and due process.

19      Plaintiffs filed this lawsuit against the LVMPD, Redfairn, Wicks, and several other

20 LVMPD officials, alleging violations of 42 U.S.C. § 1983 and § 1985.  Defendants now

21 move to dismiss all allegations in the Amended Complaint.

22 **II.   LEGAL STANDARD**

23      Plaintiffs request that the Court treat Defendants' Motion as a Motion for

24 Summary Judgment because Defendants submitted substantial documentation to the

25 Court in support of their Motion.

26      Federal Rule of Civil Procedure 12(b)(6) permits a court to convert a motion to

27 dismiss into a motion for summary judgment.  *See In re Rothery*, 143 F.3d 546, 549 (9th

28 Cir. 1998).  In fact, a court *must* treat a motion to dismiss as a motion for summary

2

1   judgment if matters outside the pleadings are submitted by the parties and considered

2   by the court.  *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477

3   (9th Cir. 1998) (emphasis added).

4         Although both parties attached lengthy documentation to their pleadings, the

5   Court did not consider these materials in reaching its conclusion.  Rather, the Court

6   relied solely upon the allegations in the Complaint in reaching its determination.  *See*

7   Fed. R. Civ. P. 12(b)(6).  Accordingly, the Court treats the Motion as a 12(b)(6) motion to

8   dismiss.

9         On a 12(b)(6) motion, the court must determine "whether the complaint's factual

10  allegations, together with all reasonable inferences, state a plausible claim for relief."

11  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011)

12  (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility

13  when the plaintiff pleads factual content that allows the court to draw the reasonable

14  inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678

15  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

16        When determining the sufficiency of a claim, "[w]e accept factual allegations in the

17  complaint as true and construe the pleadings in the light most favorable to the non-

18  moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the

19  form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

20  (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law

21  and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Id.* (citation

22  and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

23  550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic

24  recitation of the elements of a cause of action will not do.'").

25  **III.    CLAIMS AGAINST LVMPD OFFICERS IN THEIR OFFICIAL CAPACITIES**

26        As an initial matter, the Court dismisses all claims against the LVMPD officials in

27  their official capacity.  This is because "[a]s long as the government entity receives

28  notice and an opportunity to respond, an official-capacity suit is, in all respects other

3

1   than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S.

2   159, 166 (1985).  Plaintiffs list LVMPD as a Defendant, and therefore the allegations

3   against the officer Defendants in their official capacities are duplicative.

4   **IV.    42 U.S.C. § 1983**

5          **A.    Right to Access to the Courts**

6          "It is beyond dispute that the right of access to the courts is a fundamental right

7   protected by the Constitution." *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953,

8   959 (6th Cir. 1986).  "In fact, the right of access to the courts finds support in several

9   provisions of the Constitution including: the Due Process Clause of the Fourteenth

10  Amendment, *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974), the Equal Protection Clause,

11  *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), the First Amendment, *Turner v.*

12  *Safley*, 482 U.S. 78, 84 (1987) (citing *Johnson v. Avery*, 393 U.S. 483 (1969)), and the

13  Privileges and Immunities Clause of Article IV, *see, e.g., Chambers v. Baltimore & Ohio*

14  *R.R. Co.*, 207 U.S. 142, 148 (1907); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.

15  1990)." *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997).[1]

16         "Access to courts does not only protect one's right to physically enter the

17  courthouse halls, but also insures that the access to courts will be 'adequate, effective

18  and meaningful.'" *Swekel*, 119 F.3d at 1262 (citing *Bounds v. Smith*, 430 U.S. 817, 822

19  (1977)).  "Therefore, if a party engages in actions that effectively cover-up evidence and

20  this action renders a plaintiff's state court remedy ineffective, they have violated his right

21  of access to the courts." *Id.* (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th

22  Cir. 1984) (parenthetical omitted)).

23         Accordingly, allegations that government officials concealed evidence in

24  connection with a state or federal case "may state a federally cognizable claim[,]

25  provided that [the] defendants' actions can be causally connected to a failure to

26

27  ───────────────────

28         [1]The Ninth Circuit recognizes the right to access to the courts as articulated in
    *Swekel.  See Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998).

1  succeed" in the lawsuit.  *Karim-Panahi v. LAPD*, 839 F.2d 621, 625 (9th Cir. 1988).

2  However, if a plaintiff succeeds in the original suit, he was not deprived the right of

3  access to the courts, and the cover-up allegations cannot serve as the basis of a § 1983

4  lawsuit.  *See id.*; *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984).

5       Elizabeth prevailed in the state court action, and should she prevail on appeal,

6  she will not be able to state a cognizable claim for relief.  *See Karim-Panahi*, 839 F.2d at

7  625l *Dooley*, 736 F.2d at 1395.  As the appeal is presently before the Nevada Supreme

8  Court, Plaintiffs' claim is not presently ripe for relief.  *Accord Morales v. City of Los*

9  *Angeles*, 214 F.3d 1151, 1155 (9th Cir. 2000) ("In both *Delew* and *Karim-Panahi*, the

10 plaintiffs brought denial-of-access-to-the-courts claims arising from alleged police

11 misconduct occurring in on-going state trial court proceedings. [The Ninth Circuit] held

12 that such claims are not ripe until the trial court proceedings are concluded adversely to

13 the plaintiffs.") (citing *Karim-Panahi* and *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir.

14 1998)).

15      However, should the Nevada Supreme Court reverse the jury verdict in Plaintiffs'

16 favor, Elizabeth may have a cognizable claim.  Because of this, the most prudent course

17 of action is for the Court to stay the proceedings on this cause of action pending the

18 resolution of the appeal.[2]

19      **B.    Equal Protection and Due Process**

20      Plaintiffs also allege that Defendants' behavior and actions during the

21 investigation of Raymond's death violate Elizabeth's constitutional rights to equal

22 protection and due process.  Plaintiffs seem to have abandoned these causes of action

23 as the Opposition (dkt. no. 29) does not address them.  However, because these claims

24 appear to be related to the deprivation of access to the courts claim, and the resolution

25 _____

26      [2]The "power to stay proceedings is incidental to the power inherent in every court
   to control the disposition of the causes on its docket with economy of time and effort for

27 itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
   "How this can best be done calls for the exercise of judgment, which must weigh

28 competing interests and maintain an even balance."  *Id.* at 254-55.

of these claims and Plaintiffs' decision to pursue them may hinge on the Nevada Supreme Court's decision, the Court determines that judicial economy favors staying the proceedings on these causes of action.

### C. *Monell* Claim

Like the equal protection and due process claims, Plaintiffs do not specifically address this cause of action in the Opposition. Rather than dismissing this claim without prejudice, and for the sake of judicial economy, the Court also stays the proceedings on Plaintiff's *Monell* claim.

### V. 42 U.S.C. § 1985

Plaintiffs allege that several LVMPD Defendants conspired to obstruct justice in violation of 42 U.S.C. § 1985.

"The insufficiency of [plaintiff's] allegations to support a § 1983 violation precludes a [§ 1985] conspiracy claim predicated upon the same allegations." *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir. 1987); *see also Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1181 (9th Cir.1989) ("the absence of a § 1983 deprivation of rights precludes a § 1985 conspiracy claim predicated on the same allegations"); *Dooley*, 736 F.2d at 1395 (absence of § 1983 deprivation implies failure to state conspiracy claim).

Accordingly, and for the above-listed reasons, the Court stays the proceedings regarding this cause of action pending the resolution of the appeal.

### VI. MOTION TO DISMISS CLAIMS AGAINST SHERIFF GILLESPIE

Defendants move separately to dismiss all claims against Sheriff Gillespie because the Complaint does not contain a "single allegation against Sheriff Gillespie." (Dkt. no. 30 at 19.) For the reasons discussed above, the Court determines that judicial economy and equity favor staying the proceedings on the claims asserted against Sheriff Gillespie.

*///*

*///*

1   **VII.   CONCLUSION**

2        IT IS THEREFORE ORDERED that all claims against the LVMPD Officer

3   Defendants in their official capacities are DISMISSED WITH PREJUDICE.

4        The Clerk of the Court is HEREBY ORDERED to STAY all proceedings in this

5   case pending the resolution of the Nevada Supreme Court's disposition of the underlying

6   litigation.

7        The parties must file a joint status report to provide the current status of the

8   proceedings before the Nevada Supreme Court within fifteen (15) days of this Order, and

9   must file subsequent joint status reports every ninety (90) days.

10       IT IS FURTHER ORDERED that ALL PENDING MOTIONS in this action are

11  DENIED WITHOUT PREJDUICE.   When the stay is lifted, any party may move to

12  reinstate the previously pending motions.   Additional briefing is not required but is

13  permissible.

14

15       DATED THIS 12th  day of December 2012.

16

17

18       _____

19       MIRANDA M. DU
         UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28